```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JASMINE BESISO and MYRONE POWELL,           :      16 Civ. 9461 (RA)
                                            :
                Plaintiffs,                 :
                                            :      ANSWER
        -v-                                 :      AND AFFIRMATIVE
                                            :      DEFENSES
MATT BARNES and DEMARCUS COUSINS,           :
                                            :
                Defendants.                 :
------------------------------------------------------------------------X
```

Defendant Matt Barnes ("Defendant"), by and through his attorneys, as and for his Answer and Affirmative Defenses to plaintiffs Jasmine Besiso and Myrone Powell (collectively, "Plaintiffs") Complaint, states as follows:

### PRELIMINARY STATEMENT

1. Denies the allegations contained in paragraph 1 of the Complaint.

### JURISDICTION

2. Admits the allegations contained in paragraph 2 of the Complaint.

### VENUE

3. Admits the allegations contained in paragraph 3 of the Complaint.

### JURY DEMAND

4. Denies that any response to paragraph 4 of the Complaint is required.

### PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that Defendant is a professional basketball player and that, at the time the Complaint was filed, Defendant played for the Sacramento Kings of the National Basketball Association.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 10 of the Complaint, except admits that defendant Demarcus Cousins is a professional basketball player and that, at the time the Complaint was filed, Demarcus Cousins played for the Sacramento Kings of the National Basketball Association.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

## **FACTS**

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Admits the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

## FIRST CAUSE OF ACTION

26. Repeats and re-alleges his responses to the allegations in the preceding paragraphs as if fully set forth herein.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

## SECOND CAUSE OF ACTION

30. Repeats and re-alleges his responses to the allegations in the preceding paragraphs as if fully set forth herein.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

## THIRD CAUSE OF ACTION

34. Repeats and re-alleges his responses to the allegations in the preceding paragraphs as if fully set forth herein.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

## FOURTH CAUSE OF ACTION

38. Repeats and re-alleges his responses to the allegations in the preceding paragraphs as if fully set forth herein.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

### FIFTH CAUSE OF ACTION

41. Repeats and re-alleges his responses to the allegations in the preceding paragraphs as if fully set forth herein.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

### SIXTH CAUSE OF ACTION

45. Repeats and re-alleges his responses to the allegations in the preceding paragraphs as if fully set forth herein.

46. Denies the allegations contained in paragraph 47 of the Complaint.

47. Denies the allegations contained in paragraph 48 of the Complaint.

48. Denies the allegations contained in paragraph 49 of the Complaint.

### SEVENTH CAUSE OF ACTION

49. Repeats and re-alleges his responses to the allegations in the preceding paragraphs as if fully set forth herein.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

### EIGHTH CAUSE OF ACTION

53. Repeats and re-alleges his responses to the allegations in the preceding paragraphs as if fully set forth herein.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

58. The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

59. Plaintiffs' claims are barred because Defendant acted in self-defense and/or in the defense of others.

## THIRD AFFIRMATIVE DEFENSE

60. Pursuant to CPLR Article 16, the liability of Defendant, to Plaintiffs for non-economic loss is limited to Defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## FOURTH AFFIRMATIVE DEFENSE

61. Plaintiffs have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economic loss and any such future loss or expense will, with reasonably certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiffs shall be reduced in accordance with the provisions of CPLR 4545(a).

## FIFTH AFFIRMATIVE DEFENSE

62. Any damages sustained by Plaintiffs were caused by the culpable conduct of Plaintiffs, including comparative negligence, assumption of risks, and not by the culpable conduct or negligence of Defendant. But if a verdict of judgment is award to Plaintiffs, then the

damages shall be reduced in the proportion which the culpable conduct attributable to Plaintiffs bears to the culpable conduct which caused the damages.

### SIXTH AFFIRMATIVE DEFENSE

63.     Plaintiffs may have failed to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

64.     Plaintiffs' alleged loss and damages, if any, resulted wholly and solely from the fault, neglect and want of care of Plaintiffs or persons or parties other than Defendant, for whose acts Defendant is not liable or responsible and not as a result of any negligence.

### EIGHTH AFFIRMATIVE DEFENSE

65.     Defendant is entitled to a set-off if any tortfeasor has or will settle with Plaintiffs pursuant to G.O.L. § 15-108.

### NINTH AFFIRMATIVE DEFENSE

66.     Whatever injuries or damages sustained by Plaintiffs at the time and place alleged in the Complaint were due to the acts of parties over whom Defendant was not obligated to exercise any control or supervision.

### TENTH AFFIRMATIVE DEFENSE

67.     The amount of punitive damages sought is unconstitutionally excessive, and disproportionate to Defendant's conduct under the United States Constitution, and thus violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Due Process Clause of the New York State Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

68.     Any award of punitive damages based upon vague or undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Due Process Clause of the New York State Constitution.

## **TWELFTH AFFIRMATIVE DEFENSE**

69. Any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Due Process Clause of the New York State Constitution.

WHEREFORE, Defendant respectfully requests judgment as follows:

(a) dismissing the Complaint with prejudice;

(b) awarding Defendant its costs and expenses incurred in defending this action, including attorneys' fees; and

(c) granting Defendant such other and further relief as the Court deems just and proper.

Dated: New York, NY
August 17, 2017

MEISTER SEELIG & FEIN LLP

/s/ Mitchell Schuster
Mitchell Schuster, Esq.
Kevin Fritz, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
ms@msf-law.com
kaf@msf-law.com
*Attorneys for Defendant Matt Barnes*