UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMINE BESISO and MYRONE POWELL,<br><br>            Plaintiff,<br>-v-<br>MATT BARNES and DEMARCUS COUSINS,<br>            Defendants. | Civil Action No.: 16-cv-9461 (RA)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |

## PRELIMINARY STATEMENT AND FACTS

By this application Mitchell Schuster, Kevin A. Fritz and Eugene Meyers of Meister Seelig & Fein LLP ("MSF counsel") respectfully submit this memorandum of law in support of their notice of motion and seek permission to withdraw as counsel of record for Defendant, Matt Barnes ("Defendant") in the above-captioned matter. As detailed in the accompanying Declaration of Kevin A. Fritz ("Fritz Decl."), Defendant has made representation unreasonably difficult because it has been practically impossible throughout this case to communicate with Mr. Barnes in any fashion.

Defendant will not be prejudiced by MSF counselors' withdrawal as counsel and the case will not be delayed if the Court grants this application. There are currently no motions pending before the Court. The next steps in the litigation are summary judgment motions and, if those are not completely dispositive, trial. The firm cannot properly and fully represent Matt Barnes given his unresponsive conduct.

MSF counselors respectfully request that their motion to withdraw be granted.

# ARGUMENT

### I.  LOCAL RULE 1.4 PROVIDES FOR WITHDRAWAL AN ATTORNEY OF RECORD BY ORDER OF COURT

Local Civil Rule 1.4. governs the withdrawal of counsel. Rule provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

The decision to grant or deny a motion to withdraw "lies within the discretion of the trial court." *Applebaum v. Einstein*, 163 A.D.3d 905, 907 (2d Dep't 2018) (quoting *Musachio v. Musachio*, 80 A.D.3d 738, 738 (2d Dep't 2011)).

### II.  RULE 11.16 (c) (7) OF NEW YORK RULES OF PROFESSIONAL CONDUCT PERMITS AN ATTORNEY TO WITHDRAW

Further, RPC 1.16 (c) (7) permits an attorney to withdraw from representing a client when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

### III.  AN IMPOSSIBILITY OF COMMUNICATION WITH DEFENDANT WARRANTS WITHDRAWAL OF COUNSELS

Although there is no clear standard for what may be considered a "satisfactory reason" for allowing a withdrawal, "it is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.*, No. 06–CV–4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011). Under this standard, satisfactory reasons for withdrawal include "a

client's lack of cooperation, including lack of communication with counsel….." *Ramgoolie v. Ramgoolie* No. 16-CV-3345 (VEC) (SN), 2020 WL 8838048 (S.D.N.Y. June 24, 2020) (quoting *Naguib v. Pub. Health Solutions*, No. 12–CV–2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdrawal motion granted where client refused to communicate and cooperate with counsel).

Also, as pointed out in *Liang v. Lucky Plaza Rest.* 2013 WL 3757036, (S.D.N.Y. July 17, 2013) "a client's failure to cooperate with counsel is a "satisfactory reason" for withdrawal". *Fischer v. Biman Bangladesh Airlines*, No. 96–CV–3120 (SHS)(AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) says ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal."). Furthermore, in *Statue of Liberty–Ellis Island Foundation, Inc. v. International United Indus., Inc.,* 110 F.R.D. 395, 397 (S.D.N.Y.1986) defendant's counsel was allowed to withdraw after counsel's client "failed to answer [counsel's] telephone calls and letters regarding the conduct of the litigation in general'.

### IV.   MSF COUNSELORS SHOULD BE GRANTED PERMISSION TO WITHDRAW AS COUNSELS OF RECORD

Indeed, "where a client's relationship with its attorneys has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted". See *Lake v. M.P. C. Trucking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001); see also *Valente v. Seiden,* 244 A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997) (client's unwillingness to communicate with her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [her] employment effectively").

In our case Defendant did not respond to any of MSF's messages, voicemail, electronic communications, or letters (Fritz Decl. ¶4) and has been uncooperative in providing necessary

2

information. The lack of communication or, at minimum, involvement by Defendant makes it impossible for this office to proceed in litigation. As a result, it makes representation of the Defendant unreasonably difficult, and MSF should be granted permission to withdraw as counsel of Defendant.

## CONCLUSION

For all of the foregoing the reasons, MSF counselors, Mitchell Schuster, Kevin A. Fritz and Eugene Meyers respectfully request the Court enter an Order: (a) pursuant to Local Civil Rule 1.4 and RPC 1.16(c)(7), permitting MSF counselors to withdraw as counsel of record for the Individual Defendant; and (b) granting MSF counselors such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 9, 2021

**MEISTER SEELIG & FEIN LLP**

By: */s/ Kevin A. Fritz*
    Kevin A. Fritz, Esq.
Mitchell Schuster, Esq.
Eugene Meyers, Esq.
125 Park Avenue, 7th Floor
New York, New York 10017
Tl: (212) 655-3500

## RULE 202.8-b CERTIFICATION

The total number of words in the foregoing memorandum of law, inclusive of headings and footnotes, and exclusive of the caption, signature block, table of contents and table of authorities is 883. The word count herein is based on the number generated by the word processing system used to prepare the document. It is in compliance with Rule 202.8-b of the Uniform Civil Rules for the Supreme Court and the County Court.

Dated: New York, New York
       December 9, 2021                                    */s/ Kevin A. Fritz*
                                                           Kevin A. Fritz