UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMINE BESISO and MYRONE POWELL,<br><br>                    Plaintiffs,<br><br>       v.<br><br>MATT BARNES and DEMARCUS COUSINS,<br><br>                    Defendants. | No. 16-CV-9461 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

On December 9, 2021, Kevin A. Fritz, Mitchell Schuster, and Eugene Meyers of Meister Seelig & Fein LLP ("MSF")—counsel for Defendant Matt Barnes—filed a motion to withdraw pursuant to Local Civil Rule 1.4 and Rule 1.16(c)(7) of the New York Rules of Professional Conduct.[1]  Dkt. 92. That motion is granted.

Under Local Civil Rule 1.4, an attorney who has appeared as attorney of record for a party "may not withdraw from a case without leave of the Court granted by order."  Local Civil Rule 1.4. And under New York Rule of Professional Conduct 1.16(c)(7), an attorney "may" withdraw as counsel when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."  N.Y.R. of Prof. Conduct 1.16(c); *see also United States v. Lawrence Aviation Indus.*, No. 06–CV–4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011).

Consistent with Rule 1.4, the Court has considered "the reasons for withdrawal and the impact

---

[1] The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York state courts.  *Ritchie v. Gano*, No. 07 Civ. 7269, 2008 WL 4178152, at *3 (S.D.N.Y. Sept. 8, 2008) ("New York's Code of Professional Responsibility . . . establishes appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state.").

of the withdrawal on the timing of the proceeding." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014) (quotation marks omitted). MSF has demonstrated that Defendant Barnes has failed to cooperate in the defense of his case. In support of its motion, MSF avers that "Defendant [Barnes] has made representation unreasonably difficult because it has been practically impossible throughout this case to communicate with Mr. Barnes in any fashion." Dkt. 93. Mr. Fritz's accompanying declaration confirms that Mr. Barnes has failed to "return my firm's voicemails, electronic communications, or letters." Dkt. 94 (Fritz Decl.) ¶ 4. A client's failure to communicate and cooperate with counsel has been deemed a "sufficient reason for allowing withdrawal." *Fischer v. Biman Bangladesh Airlines*, No. 96 CIV. 3120 SHS AJP, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997). Additionally, given the posture of the case, withdrawal at this stage is unlikely to cause significant delays. *See SEC v. Gibraltar Glob. Sec., Inc.*, No. 13-CV-2575 (GBD) (JCF), 2015 WL 2258173, at *3 (S.D.N.Y. May 8, 2015) (finding that where "trial is months away, the impact of withdrawal is typically not substantial enough to counsel against it."). The Court also notes that MSF is not asserting a retaining or charging lien. Fritz Decl. ¶ 8.

Accordingly, it is hereby:

ORDERED that MSF's request for leave to withdraw is granted. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 92 and terminate Mr. Fritz, Mr. Schuster, and Mr. Meyers as counsel;

ORDERED that Mr. Fritz, Mr. Schuster, and/or Mr. Meyers shall serve Defendant Barnes with a copy of this order and file an affidavit on ECF no later than December 22, 2021 certifying that such service has been effectuated;

ORDERED that Defendant Barnes shall advise the Court by January 21, 2022 whether he has secured new representation or intends to represent himself *pro se*; and

ORDERED that any motions for summary judgment are due on or before February 11, 2022; oppositions, if any, are due on or before March 11, 2022; and replies, if any, are due on or before March 25, 2022.

SO ORDERED.

Dated:   December 10, 2021
            New York, New York

_____
Ronnie Abrams
United States District Judge