# LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC



Michael S. Lamonsoff, Esq. ○△
Beth Kirschner, Esq. ○
Stacey Haskel, Esq. *
Maya Kogan, Esq. ◊*
Romina Tominovic, Esq.
Jacob S. Traub, Esq. ○△∞ ^◊*•▫

Jason Lesnevec, Esq. ○△∞^*
Ryan Sharp, Esq. ○△≈
Ryan Charder, Esq. ○△
Jazmine Kendrick, Esq. ○
Panagiotis D. Christakis, Esq. ○△*
Joseph Rozovsky, Esq. ○

**Also Admitted in**
○E.D.N.Y.
△S.D.N.Y.
∞W.D.N.Y.
^N.D.N.Y.
◊ NJ Federal Court
*Also admitted in New Jersey
•Second Circuit Court of Appeals

▫ Third Circuit Court of Appeals
‡Supreme Court of the United States
≈E.D.M.I
Δ Also admitted in Connecticut
∂ Also admitted in California
† Also admitted in Washington D.C.

**Of Counsel**
Darren T. Moore, Esq. ○△
David Carr, Esq. △
Deborah Eddy, Esq. Δ*∂†
Jessica Massimi, Esq. ○△∞^
Charles Feinstein, Esq. ○△∞^

January 5, 2022

VIA PACER
JUDGE RONNIE ABRAMS
UNITED STATES DISTRICT COURT
SOUTHERN DISCRICT OF NEW YORK


MESITER SEELING AND FEIN, LLP
125 Park Avenue, 7 Floor
New York, New York 10017

Matt Barnes
15850 Seville Lane
Encino, CA 91436

WADE, CLARK & MULCAHY
180 Maiden Lane, Ste 901
New York, New York 10038

                    RE:    Myron Powell and Jasmine Besiso
                             v. Matt Barnes and Demarcus Counsins
                           16-CV-9461

Dear Honorable Judge,

Plaintiffs Myron Powell and Jasmine Besiso respectfully request leave to substitute Dr Igor Stiler, their currently designated trial expert, with another expert. That substitution is necessary because our office was recently informed that Dr Stiler has passed away.

In the short time since the undersigned learned of Dr. Stiler's passing, Plaintiffs have not yet identified a substitute expert witness, but will do so as soon as possible.

To substitute its expert witness, Plaintiffs must show good cause. *Nature's Plus A/S v. Nat. Organics, Inc.,* No. CV094256ADSAKT, 2014 WL 12964552, at *3 (E.D.N.Y. Oct. 29, 2014) ("[C]ourts considering a party's request to substitute a new expert after the close of discovery generally apply the

**ALL CORRESPONDENCE TO NEW YORK OFFICE: New York Office**: 32 Old Slip, 8th Floor, New York, NY 10005 ▫ **New Jersey Office**: 88 Pompton Avenue, Verona, NJ 07044 ▫ **Main Telephone**: (212) 962-1020 ▫ **Toll Free**: (877) 675-4529 ▫ **Fax**: 212-962-3078 ▫ www.msllegal.com

Case 1:16-cv-09461-RA   Document 98   Filed 01/06/22   Page 2 of 2



**LAW OFFICE OF MICHAEL S. LAMONSOFF, PLLC**
Financial Square at 32 Old Slip, New York, NY 10005
msllegal.com

---

good cause standard of Federal Rule of Civil Procedure 16(b)."). Courts have consistently found good cause exists where the need for a substitute expert witness was not foreseeable and was not within the moving party's control, including as a result of the expert's health, particularly where the moving party has acted diligently. *Id. See also Whiteside v. State Farm Fire & Cas. Co.,* No. 11-10091, 2011 WL 5084981, at *1 (E.D. Mich. Oct. 26, 2011), at *1 ("Courts have consistently permitted the substitution of expert witnesses when unforeseen events render the original expert witness unavailable to testify at trial."); *Baumann v. Am. Family Mut. Ins. Co.,* 278 F.R.D. 616, 615 (D. Colo. 2012) (finding substitution of expert was "substantially justified" because of the original expert's "untimely and unexpected death"); *Lincoln Na'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.,* No. 04-396, 2010 WL 3892860, at *3 (N.D. Ind. Sept. 30, 2010) (finding good cause to substitute expert witness where original expert was arrested for embezzlement and unavailable to testify because he was incarcerated); *Jung v. Neschis,* No. 01 Civ. 6993, 2007 WL 5256966, at *4, *16-17 (S.D.N.Y. Oct. 23, 2007) (finding good cause to extend expert discovery deadline where party sought to introduce substitute expert because original expert developed Alzheimer's disease during course of litigation); *Bailey v. Toyota Motor Corp.,* No. IP 01-1456-C-T/K, 2003 U.S. Dist. LEXIS 21999, at *12 n.4 (S.D. Ind. Oct. 31, 2003) (finding good cause to extend deadlines following the death of plaintiffs expert witness).

Here, Plaintiffs learned on January 3, 2022 that Dr. Stiler was not available to testify. We are working expeditiously on finding a substitute expert. Dispositive motions have not yet been filed in this case and the parties do not have a trial date. Defendants will not suffer any prejudice from the requested substitution. Plaintiffs on the other hand, will be significantly prejudiced if it is not allowed to present live expert testimony on the workings of the neurological expert.

As the court found in *Nature's Plus AIS,* there is "good cause to extend expert discovery in these unusual circumstances" to allow the substitution of Plaintiff's neurology expert. 2014 WL 12964552 at* 3. Plaintiffs respectfully requests that it be allowed to substitute its expert witness as a result of the above-described, unforeseen circumstances, which were out of their control.

Respectfully submitted,

JL/ISG                               JASON LESNEVEC, ESQ

---

Application granted. The Court finds that good cause exists to extend the discovery deadline to permit Plaintiffs to find a substitute neurological expert witness. The discovery deadline is hereby extended to March 4, 2022.

SO ORDERED.

_____
Hon. Ronnie Abrams
1/6/2022

ALL CORRESPONDENCE TO NEW YORK OFFICE: **New York Office**: 32 Old Slip, 8th Floor, New York, NY 10005 □ **New Jersey Office**: 2168 Millburn Avenue, Ste. 205, Maplewood, NJ 07040 - **Main Telephone**: (212) 962-1020 □ **Toll Free**: (877) 675-4529 □ **Fax**: 212-962-3078 □ www.msllegal.com