# LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC

Michael S. Lamonsoff, Esq. ○△
Beth Kirschner, Esq. ○
Stacey Haskel, Esq. *
Maya Kogan, Esq. ◊*
Romina Tominovic, Esq.
Jacob S. Traub, Esq. ○△∞ ^◊*•▫

Jason Lesnevec, Esq. ○△∞^*
Ryan Sharp, Esq. ○△≈
Ryan Charder, Esq. ○△
Jazmine Kendrick, Esq. ○
Panagiotis D. Christakis, Esq. ○△*
Joseph Rozovsky, Esq. ○



Also Admitted in
○ E.D.N.Y.
△ S.D.N.Y.
∞ W.D.N.Y.
^ N.D.N.Y.
◊ NJ Federal Court
* Also admitted in New Jersey
• Second Circuit Court of Appeals

▫ Third Circuit Court of Appeals
‡ Supreme Court of the United States
≈ E.D.M.I
Δ Also admitted in Connecticut
∂ Also admitted in California
† Also admitted in Washington D.C.

**Of Counsel**
Darren T. Moore, Esq. ○△
David Carr, Esq. △
Deborah Eddy, Esq. Δ*∂†
Jessica Massimi, Esq. ○△∞^
Charles Feinstein, Esq. ○△∞^

May 6, 2022

<u>VIA PACER</u>
UNITED STATES DISTRICT COURT
SOUTHERN DISCRICT OF NEW YORK

COZEN O'CONNOR
3WTC, 175 Greenwich St
55th Floor,
New York, NY 10007

WADE, CLARK & MULCAHY
180 Maiden Lane, Ste 901
New York, New York 10038

          RE:    Myron Powell and Jasmine Besiso
                v. Matt Barnes and Demarcus Counsins
               16-CV-9461

Dear Judge Abrams,

     The undersigned is in receipt of Defendant Matt Barnes' letter requesting a second neurological examination of Plaintiff Myron Powell. I write this letter in opposition to said further neurological examination of Plaintiff as it is nothing more than a second bite at the apple, which does not amount to the required good cause necessary to compel such examination.

     When the mental or physical condition of a party is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician, or mental examination by a physician or psychologist. The order may be made only on motion for good cause shown. <u>Schlagenhauf v. Holder</u>, 379 U.S. 104 (1964).

     In <u>Schlagenhauf v. Holder</u>, the Supreme Court emphasized the limited circumstances under which a court may order mental or physical examinations:

> [S]weeping examinations of a party who has not affirmatively put into issue his own mental or physical condition are not to be automatically ordered merely because the person has been involved in an accident … and a general charge of negligence is lodged. Mental and physical examinations are only to be ordered upon a

**ALL CORRESPONDENCE TO NEW YORK OFFICE: New York Office**: 32 Old Slip, 8th Floor, New York, NY 10005 ▫ **New Jersey Office**: 88 Pompton Avenue, Verona, NJ 07044 - **Main Telephone**: (212) 962-1020 ▫ **Toll Free**: (877) 675-4529 ▫ **Fax**: 212-962-3078 ▫ www.msllegal.com



    discriminating application by the district judge of the limitations prescribed by the Rule. To hold otherwise would mean that such examinations could be ordered routinely in personal injury cases. The plain language of Rule 35 precludes such an untoward result.

Id.

  Here, not only is discovery closed, but Defendant Barnes never even previously retained a neurological expert to examine Plaintiffs and certainly did not have a neurologist examine them. Mr. Barnes recently retained new counsel, who now seeks to hire a neurologist for the first time to examine Plaintiffs. Defendant Cousins on the other hand did previously retain Dr. Daniel J. Feuer, who did examine Plaintiffs. (Please find Defendant Cousins' Rule 26(a)(2) expert disclosure and expert report of Dr. Feuer attached hereto). Defendant Barnes waived his right to conduct a neurological examination of Plaintiffs when discovery closed. Defendant Barnes now seeks to back door a neurological exam of Plaintiffs, which does not amount to good cause. Defendant Barnes' attempt at re-opening expert discovery amounts to nothing more than an annoyance, embarrassment, oppression, and undue burden on Plaintiffs. For these reasons, the Court should deny Defendant's application.

        Respectfully submitted,

JL/ISG        JASON LESNEVEC, ESQ