UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASMINE BESISO and MYRONE POWELL,

           Plaintiffs,

v.

MATT BARNES and DEMARCUS COUSINS,

           Defendants.

No. 16-cv-9461 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs Jasmine Besiso and Myrone Powell bring this assault and battery action against Defendants Matt Barnes and DeMarcus Cousins. Plaintiffs and Defendant Barnes have each moved *in limine* to preclude the testimony of untimely disclosed witnesses pursuant to Federal Rule of Civil Procedure 37(c)(1).[1] For the reasons that follow, Plaintiffs' motion is denied, and Barnes' motion is granted in part and denied in part.

"The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). A district court's ruling on a motion *in limine* "is subject to change when the case unfolds," and "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41–42 (1984).

Federal Rule of Civil Procedure 26(a) requires a party to disclose, without awaiting a

---

[1] Defendant Cousins joined Defendant Barnes' opposition to Plaintiffs' motion *in limine*. *See* Dkt. 200, Defendant Cousins' Letter Joining Co-Defendant's Motions in Limine. Cousins did not, however, join Barnes' motion *in limine* to preclude Plaintiffs' untimely disclosed witnesses. *See id.*

discovery request, the name of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness." *Pal v. New York Univ.*, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008). Moreover, if "additional or corrective information" becomes available, a party must timely supplement this disclosure. Fed. R. Civ. P. 26(e)(1).

Under Rule 37(c)(1), if a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In deciding whether to exclude testimony, the Court considers "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (cleaned up). "[C]ourts have broad discretion in determining whether and how to impose sanctions," *Preuss v. Kolmar Laboratories, Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013), and "[p]reclusion is a harsh remedy that should only be imposed in rare situations," *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (internal quotation marks omitted).

The purpose of Rule 37 is "to prevent the practice of sandbagging an opposing party with new evidence." *Preuss*, 970 F. Supp. 2d at 175 (cleaned up). Accordingly, a failure to disclose the identity of a witness in discovery responses is generally harmless when the other party "had reason to know during the discovery period that [the witness] might have information relevant to [the] claims." *Mugavero v. Arms Acres, Inc.*, 2009 WL 1904548, at *5 (S.D.N.Y. July 1, 2009); *see also Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 2017 WL 4334138, at *2 (S.D.N.Y. Sept. 28, 2017) (finding violation of Rule 26(a) harmless because "Plaintiffs have indisputably known about [the witness] for months"); *Coleman v. City of Niagara Falls*, 2015 WL 4208602, at *2 (W.D.N.Y. July 10, 2015) ("Given the importance of [the] testimony in this case and the fact that Defendants

2

had some knowledge of Plaintiff's witnesses, albeit not the disclosure required by Rule 26, Defendants' request to preclude is denied.").

Beginning with Plaintiffs' motion, Plaintiffs argue that Defendants failed to disclose John Wall, Ty Lawson, and Karyn Civil until the pretrial order, and that the witnesses should thus be precluded pursuant to Rule 37. *See* Dkt. 157, Plaintiffs' Motion in Limine; Dkt. 185, Supplement to Plaintiffs' Motion in Limine. Defendants do not dispute that they failed to comply with Rule 26(a), but instead argue that any failure to disclose was harmless. *See* Dkt. 199, Defendant Barnes' Opposition to Plaintiffs' Motion in Limine. The Court agrees with Defendants and denies Plaintiffs' motion.

Defendants provide no explanation for their failure to comply with Rule 26(a), and the Court has already denied a request for a continuance. That said, the Court finds the witnesses' testimony important, given that the testimony concerns the witnesses' observations as to what happened in the nightclub on the night in question. *See* Dkt. 183, Pretrial Order, at 6. The Court also finds there to be little prejudice to Plaintiffs because they have been aware of the identity of the witnesses and their potential knowledge for over five years. *See Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002) ("[A] failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial."). During Barnes' deposition in February of 2018, he testified that Wall, Civil, and Lawson had all been in the club the night of the incident, and that Wall and Civil had witnessed the incident. *See* Dkt. 199, Defendant Barnes' Opposition to Plaintiffs' Motion in Limine, Ex. A, at 3–5. Plaintiffs' counsel also asked Cousins about Wall and Lawson during his deposition in April of 2018. *See id.*, Ex. B, at 4. Accordingly, the Court denies Plaintiffs' motion, although Wall, Lawson, and Civil must nonetheless be made available for deposition prior to trial. *See NIC Holding Corp. v. Lukoil Pan Americas, LLC*, 2007 WL 1467424, at *5 (S.D.N.Y. May 16, 2007) (finding any "prejudice [to be] easily obviated . . . by permitting [the opposing party] to take [the witnesses'] depositions now").

3

Barnes also moves to preclude the testimony of untimely disclosed witnesses pursuant to Rule 37, arguing that Plaintiffs failed to disclose Philip DeFilippo, Anthony Joaquin, and Detective William Ficken until the pretrial order. Plaintiffs concede that the witnesses were not listed in their initial disclosure, but Plaintiffs argue—as Defendants did on Plaintiffs' motion—that any non-disclosure was harmless. *See* Dkt. 197, Plaintiffs' Opposition to Defendant Barnes' Motion in Limine, at 3.

Like Defendants, Plaintiffs do not provide an explanation for their failure to comply with Rule 26(a). However, with respect to Joaquin and Detective Ficken, the Court finds their testimony to be important. Joaquin's testimony concerns his personal observations regarding the events in question, and Detective Ficken's testimony concerns statements made by Defendants about those events. *See* Dkt. 183, Pretrial Order, at 4. Plaintiffs also represent that Barnes was previously aware of the identities of Joaquin and Detective Ficken and their potential knowledge, *see* Dkt. 197, Plaintiffs' Opposition to Defendant Barnes' Motion in Limine, at 5–6, and Barnes does not assert otherwise. Indeed, in his brief, Barnes highlights that "Joaquin was present during the events at issue and even provided a statement to police about seven years ago," and that "Ficken is a NYPD detective who investigated the events at issue." *See* Dkt. 180, Defendant Barnes' Motion in Limine, at 4. As with Plaintiffs, the Court will also grant Barnes leave to depose Joaquin and Detective Ficken prior to trial. *See Rojo v. Deutsche Bank*, 2009 WL 3790191, at *5 (S.D.N.Y. Oct. 30, 2009) ("[T]o cure any possible prejudice to [the opposing party] . . . , [the opposing party] will be permitted to depose the [witnesses]"). Accordingly, Barnes would not be prejudiced by their testimony. The Court thus denies Barnes' motion with respect to Joaquin and Detective Ficken.

With regard to DeFilippo, however, Plaintiffs have failed to demonstrate that Barnes was previously aware of DeFilippo's identity and his potential knowledge. Nor have Plaintiffs explained what DeFilippo's testimony would concern and why his testimony would be important. The Court thus grants the motion to preclude DeFilippo's testimony.

4

For the foregoing reasons, the Court denies Plaintiffs' motion, and grants in part and denies in part Barnes' motion. Defendants shall ensure that John Wall, Ty Lawson, and Karyn Civil are available to be deposed by Plaintiffs prior to trial, should Plaintiffs seek to do so. Plaintiffs shall similarly ensure the availability of Anthony Joaquin and Detective William Ficken to be deposed by Barnes prior to trial, should he seek to do so. If any of the listed witnesses are not available for deposition prior to trial, they may be precluded from testifying at trial.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 157 and 179.

SO ORDERED.

Dated:     November 30, 2023
               New York, New York

_____
Ronnie Abrams
United States District Judge